UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW LORNE ALDER,

        Plaintiff,

v.

        CASE NO. 06-CV-12612
        HONORABLE AVERN COHN

P. ANDERSON, et al.,

        Defendants.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

Before the Court is Plaintiff Matthew Lorne Alder's civil rights complaint filed under 42 U.S.C. §§ 1983 and 1985. Plaintiff is a state prisoner currently confined at the Southern Michigan Correctional Facility in Jackson, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Defendants are several prison and state employees and state agencies.

For the reasons that follow, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state claims upon which relief may be granted and on the basis of immunity.

II.

The Court has read the complaint, which runs 283 paragraphs and is sixty-four pages long. Plaintiff claims that the defendants, individually and as part of a conspiracy, have deprived him of his constitutional right to be free from cruel and unusual

punishment, to due process, to equal protection, and to have access to the courts.

Specifically, plaintiff claims that: (1) Corrections Officer P. Anderson verbally harassed him and filed a false misconduct report against him during the course of a kitchen work assignment, (2) Assistant Food Services Director T. Steward denied him the opportunity to submit a work assignment waiver form, (3) Food Services Supervisor Thompson issued misconduct reports against him for disobeying a direct order and being out of place when he refused his kitchen work due to his dispute with Anderson, (4) Resident Unit Manager T. Huffman failed to submit a program classification report related to his work assignment, (5) Warden Sherry Burt did not respond to a kite and denied his grievances, (6) Grievance Coordinator Larry McMillan failed to process a grievance, (7) Hearing Officer Joanne Ricci found him guilty of misconducts for disobeying a direct order and being out of place and imposed excessive punishments amounting to 10 days in segregation and 60 days loss of privileges, (8) Hearing Officer Ivona Rairigh failed to understand the issues and acted beyond her qualifications in finding him guilty of misconduct for substance abuse and imposing 7 days of top-lock, (9) Internal Affairs Manager Stephen Marschke failed to pursue an internal affairs investigation arising from these matters, (10) the Michigan Department of Corrections and Michigan Civil Services Department failed to investigate and discipline other defendants, and (11) Inspector and Region 1 Executive Assistant Gary Nix and the Michigan State Police failed to investigate and pursue criminal charges against other defendants. Plaintiff seeks injunctive relief and monetary damages.

III.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss a complaint filed by a prisoner who was not required to pay the filing fee before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, plaintiff's complaint is subject to dismissal.

III.

A. Verbal Harassment and Threats

Plaintiff first claims that defendant Anderson violated his constitutional rights by engaging in acts of verbal harassment and threats. It is well-established, however, that allegations of harassment and verbal threats are insufficient to state a civil rights claim

under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. *See Miller v. Wertanen*, 109 Fed. Appx. 64, 65 (6th Cir. 2004). Verbal threats and abuse made in retaliation for filing a grievance are likewise not actionable. *See Carney v. Craven*, 40 Fed. Appx. 48, 50 (6th Cir. 2002). Thus, plaintiff's allegations of verbal abuse and harassment do not state a claim under § 1983.

## B. False Misconduct Report

Plaintiff also claims that defendant Anderson filed a false misconduct report against him in violation of his constitutional rights. False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing. *See Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988) (Nelson, J., concurring); *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986). Petitioner admits that he had a hearing on the allegedly false misconduct charge and that he was found not guilty of that charge. As such, Petitioner was not denied due process, or any other constitutional right, and may not maintain a § 1983 claim based upon the allegedly false misconduct report. *See Jackson v. Madery*, 158 Fed. Appx. 656, 662-63 (6th Cir. 2005).

## C. Work Assignment

Plaintiff also claims that the defendants, particularly Steward, Thompson, and Huffman, acted improperly in handling his kitchen work assignment and failing to release him from that assignment. Specifically, he alleges that Steward denied him the

opportunity to submit a work assignment waiver form, that defendant Thompson issued misconduct reports against him based upon his refusal to work, and that defendant Huffman failed to submit a program classification report. It is well-established, however, that a state prisoner has no constitutionally-protected property or liberty interest in having a prison job or being assigned to a particular work detail. *See Argue v. Hofmeyer*, 80 Fed. Appx. 427, 429 (6th Cir. 2003); *Seals v. Caruso*, 42 F.3d 1389, 1994 WL 567587, *2 (6th Cir. 1994). While the MDOC operates work programs for prisoners, state law and policy do not create a constitutionally protected liberty or property interest in such employment. *See Seals, supra*; *see also* MDOC Policy Directives 05.01.100, 05.02.110; MSI Operating and Work Rule Manual. To the extent that Plaintiff asserts that the defendants failed to comply with the MDOC's policies or procedures in handling or terminating his work assignment, he fails to state a claim under § 1983.

### D. Grievances

Plaintiff also claims that defendants Burt and McMillan failed to properly process and/or respond to his grievances concerning the actions of other defendants. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants Burt and McMillan. The mere fact that those defendants allegedly failed to properly investigate or respond to

Plaintiff's grievances is insufficient to state a claim upon which relief may be granted.

Additionally, to state a claim under § 1983, a plaintiff must allege that the deprivation of his rights was intentional. An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co. Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994) (ruling that even gross negligence is not actionable under § 1983, because it is not "arbitrary in the constitutional sense"). Plaintiff does not set forth facts indicating that the defendants' conduct was intentional in the constitutional sense. Conclusory allegations are insufficient to state a civil rights claim. *See, e.g., Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987).

### E. Disciplinary Hearings

Plaintiff claims that his constitutional rights were violated during the prison misconduct proceedings before defendants Ricci and Rairigh which resulted in 10 days of disciplinary segregation, a seven-day top lock sanction, and 60 days loss of privileges. A prisoner has no liberty interest in remaining free of disciplinary or administrative segregation, as such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (30 days in administrative segregation did not constitute atypical and significant hardship); *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (two and one-half years in segregation during investigation of prisoner's involvement in riot did not deprive him of liberty interest without due process). The

same is true regarding the loss of privileges.  *See Carter v. Tucker*, 69 Fed. Appx. 678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation does not implicate a liberty interest sufficient to invoke the Due Process Clause).  Plaintiff has thus failed to state a claim for relief as to such matters.

Further, Plaintiff has not alleged facts to shown that his rights were violated during his disciplinary hearings.  The minimum due process requirements for a prisoner in a disciplinary hearing are:  (1) written notice of the charges before the hearing; (2) an opportunity to call witnesses and present evidence at the hearing; (3) an impartial hearing body; and (4) a written statement of the evidence relied upon by the hearing body and the reason for any action taken.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).  The decision of a prison disciplinary body must be supported by some evidence in the record.  *See Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).  Plaintiff has not alleged a violation of these standards, and he admits committing acts which established his guilt of the charges.

### F. Equal Protection

Plaintiff also claims that the defendants violated his rights under the Equal Protection Clause of the United States Constitution in various ways.  The linchpin of an equal protection claim is that the government has treated people who are similarly situated in a different manner.  *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992).  Plaintiff alleges, in conclusory terms, that the defendants' conduct has denied him equal protection, but does not provide any factual support for this claim.  Plaintiff fails to indicate with any specificity how he has been treated differently from others who are similarly situated.  Conclusory allegations are insufficient to state a civil

rights claim. *See Leon*, 823 F.2d at 930; *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986). Furthermore, prisoners are not members of a protected class for equal protection purposes. *See, e.g., Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Plaintiff's bare allegation that the defendants violated his equal protection rights fails to state a claim under §1983.

### G. Access to the Courts

Plaintiff claims that defendants Marschke, MDOC, Nix, Michigan State Police, and Michigan Civil Service Department have violated his constitutional rights by failing to pursue an internal affairs and/or criminal investigation into the conduct of defendant Anderson and other defendants. A prisoner has a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996). However, that right of access is not unlimited. It encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id.* at 356. Plaintiff has not been denied such opportunity. There is no constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime. *See White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."). Plaintiff has thus failed to state a claim upon which relief may be granted as to these defendants.

### H. Conspiracy

Citing 42 U.S.C. §1985, plaintiff claims that the defendants conspired against him to violate his constitutional rights. To maintain a cause of action under 42 U.S.C. § 1985, a plaintiff must allege the following elements:

>  (1) a conspiracy involving two or more persons;
>  (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and
>  (3) an act in furtherance of the conspiracy;
>  (4) which causes injury to a person or property, or the deprivation of any right or privilege of a citizen of the United States.

*Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)). Further, the plaintiff must demonstrate that the conspiracy was motivated by a class-based animus, such as race. *Id*. When a plaintiff fails to allege or prove that he is a member a 'discrete and insular' minority accorded 'special protection under the Equal Protection Clause because of inherent personal characteristics,' his § 1985 claim lacks merit and should be dismissed. *See Seguin v. City of Sterling Hgts.*, 968 F.2d 584, 590 (6th Cir. 1992) (quoting *National Communication Sys., Inc. v. Michigan Pub. Serv. Comm'n.*, 789 F.2d 370, 374 (6th Cir. 1986)).

Plaintiff fails to present facts showing a conspiracy, acts in its furtherance, or that he is a member of a discrete and insular minority accorded special protection under the Equal Protection Clause. Plaintiff's allegations of conspiracy are conclusory. A federal court need not accept as true legal conclusions, or vague and conclusory allegations of a conspiracy, to create a valid claim under 42 U.S.C. § 1983 when none exists. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Plaintiff has failed to state a conspiracy claim. His § 1985 claims must therefore be dismissed.

I. Hearing Officer Immunity

Plaintiff's claims for monetary damages against defendants Ricci and Rairigh are also subject to dismissal on the basis of immunity. As hearing officers, Ricci and Rairigh are entitled to absolute immunity from liability on a § 1983 claim for damages. In *Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988), the Court of Appeals for the Sixth Circuit recognized that Michigan law defines a hearing officer's role, for all practical purposes, as that of an administrative law judge. *See* Mich. Comp. L. § 791.251 *et seq*. As such, a hearing officer is entitled to absolute immunity for judicial acts. *See Butz v. Economou*, 438 U.S. 478, 508-14 (1978). Because Ricci and Rairigh acted in their judicial capacities with regard to the events giving rise to the complaint, they are entitled to absolute immunity on Plaintiff's claims for monetary damages.

J. Eleventh Amendment Immunity

Plaintiff's claims for damages against the defendants in their official capacities and against defendants MDOC, State Police, and Michigan Civil Services Department are also subject to dismissal on the basis of immunity. The Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment. *See Welch v. Texas Dep't. of Highways and Public Transp.*, 483 U.S. 468, 472-74 (1987). As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989). "'[A] suit in federal court by private parties seeking to impose a liability which must be paid from

public funds in the state treasury is barred by the Eleventh Amendment.' This bar against suit also extends to state officials acting in their official capacities." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) (citations omitted). The Sixth Circuit has expressly held that the MDOC and the Michigan State Police are immune from suit for monetary damages under the Eleventh Amendment. *See, e.g., Ritchie v. Michigan Dept. of Corrections*, 826 F.2d 1065, 1987 WL 38524, *1 (6th Cir. 1987) (unpublished); *Lavrack v. City of Oak Park*, 194 F.3d 1313, 1999 WL 801562, *2 (6th Cir. 1999) (unpublished). Plaintiff's claims for monetary damages against the defendants in their official capacities and against the state agencies must therefore be dismissed.

IV.

For the reasons stated above, plaintiff has failed to state claims upon which relief may be granted under 42 U.S.C. §§ 1983 and 1985 and that certain defendants are immune from suit on his claims for monetary damages. Accordingly, the complaint is **DISMISSED.**

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED.**

11

Dated:  June 27, 2006             s/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2006, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager
                                          (313) 234-5160