UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW LORNE ALDER,

       Plaintiff,

                                CASE NO. 06-CV-12612
v.                                   HONORABLE AVERN COHN

P. ANDERSON, et al.,

       Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion for Reconsideration of the Court's summary dismissal of his civil rights complaint brought under 42 U.S.C. § 1983. The Court dismissed the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state claims upon which relief may be granted and on the basis of immunity. Plaintiff seeks reconsideration of the Court's decision, to proceed on his claims, and/or to amend the complaint to include more particularized claims of retaliation.

A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). In this district, plaintiff must show a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof. See E.D. Mich. LR 7.1(g)(3). Having carefully reviewed plaintiff's motion, he has failed to show that he is entitled to reconsideration. Plaintiff essentially repeats the allegations in the complaint which, as

1

explained in the order of dismissal, do not rise to the level of constitutional violations and/or are against individuals entitled to immunity.

Additionally, as to plaintiff's request for an opportunity to amend the complaint, he failed to state a claim for retaliation in his original complaint by showing that he engaged in constitutionally-protected conduct, that an adverse action was taken against him that would deter a person of ordinary firmness from continuing such conduct, and that the adverse action was motivated, at least in part, by his protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The Court may not permit Plaintiff to amend his complaint to defeat summary dismissal. *See Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)); *see also Clayton v. United States Dep't. of Justice, et al.*, 136 Fed. Appx. 840, 842 (6th Cir. June 10, 2005). Thus, plaintiff is not entitled to amend the complaint.

Accordingly, plaintiff's motion for reconsideration is **DENIED**.

SO ORDERED.

Dated: July 24, 2006                              s/Avern Cohn

                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 24, 2006, by electronic and/or ordinary mail.

                                                   s/Julie Owens
                                                  Case Manager, (313) 234-5160